# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAL KOMORSKI and ANDREW KOWALIK, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>POLMAX LOGISTICS, LLC, an Illinois limited liability company; POLMAX FLEET, LLC, an Illinois limited liability company; POLMAX, LLC, an Illinois limited liability company; FORBES AIR CARGO, INC., an Illinois corporation; and LYNX MANAGEMENT, INC., an Illinois corporation.<br><br>Defendants. | Civil Action No.: 22-673<br><br>CLASS ACTION<br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Polmax Logistics, LLC; Polmax Fleet, LLC; Polmax, LLC; Forbes Air Cargo, Inc.; and Lynx Management, Inc. ("Defendants") remove this case from the Chancery Division of the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this removal, Defendants state as follows:

1. **The Action**. Plaintiffs Michal Twardowski and Michal Komorski ("Original Plaintiffs") filed their Complaint against Polmax Logistics, LLC and Polmax Fleet, LLC ("Original Defendants") in the Chancery Division of the Circuit Court of Cook County on April 2, 2021 under Civil Action No. 2021-CH-01601. The

Complaint alleged two causes of action and sought class certification under 735 ILCS 5/2-801. The Original Defendants filed an Answer on June 4, 2021 and the Original Plaintiffs filed their Motion to Strike on June 25, 2021, which was granted subject to leave for the Original Defendants to file an amended answer. The Original Defendants filed their Amended Answer on September 28, 2021 and the Original Plaintiffs filed their Reply on October 19, 2021. Finally, the Original Plaintiffs filed their Motion for Leave to File an Amended Complaint on December 29, 2021, which was granted on January 10, 2022. Copies of all process, pleadings, or orders filed in this action are attached as *Exhibit A*.

The Amended Complaint seeks recovery for Michal Komorski and Andrew Kowalik ("Plaintiffs"), two proposed classes, and two proposed subclasses of individuals (collectively, the "Proposed Class Members"). The proposed classes and subclasses are defined as:

> Illinois Class: All individuals who, within the applicable statute of limitations, (1) entered into Independent Contractor Agreements or similar agreements with Defendants; (2) resided in Illinois and personally performed services as a driver for Defendants in Illinois; (3) were not classified as employees of Defendants; and (4) had amounts unlawfully deducted or withheld from their paychecks.

> Illinois Subclass: All members of the Illinois Class who, within the applicable limitations period, had their final compensation withheld and/or reversed by Defendants.

> New Jersey Class: All individuals who, within the applicable statute of limitations, (1) entered into Independent Contractor Agreements or similar agreements with Defendants; (2) resided in New Jersey and personally performed services as a driver for Defendants in New Jersey; (3) were not classified as employees of Defendants; and (4) had amounts unlawfully deducted or withheld from their paychecks.

> New Jersey Subclass: All members of the New Jersey Class who, within the applicable limitations period, had their final compensation withheld and/or reversed by Defendants.

*Am. Compl.* ¶ 75.

Plaintiffs assert three claims in their Amended Complaint: (1) violations of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1, *et seq.*; (2) common law conversion; and (3) violations of the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. § 34:11-4.1, *et seq*. *Am. Compl.* ¶¶ 83-105. Plaintiffs seek the recovery of, *inter alia*, damages "as a result of Defendants' misclassification and wage deduction practices" under both the IWCPA and NJWPL. *Id.* ¶¶ 90, 104; *see also id.* ¶¶ 3, 40, 78, 88, 91, 92, 102, 106(B).

    2.    **<u>Statutory Grounds for Removal</u>**.  This action is removable under 28 U.S.C. § 1453, which provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because, as explained below in greater detail, this is a class action in which (i) the proposed class includes at least 100 members, (ii) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (iii) at least one member of Plaintiffs' class and one Defendant are citizens of different states. Accordingly, removal of this action pursuant to 28 U.S.C. § 1453 is appropriate, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

3.     **Citizenship of the Parties.**  Citizenship of individuals is determined by domicile. *Mader v. Motorola, Inc.*, 1999 WL 220108, 175 F.3d 1020 (7th Cir. 1999) (unpublished).  Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting citizenship.  *E.g., Anderson v. Watts*, 138 U.S. 694 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also* 13E Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 3612, n. 28 (3d ed. 2013) (citing litany of cases for proposition that "[i]t is assumed, for example, that a person's current residence is also his domicile").

Plaintiffs allege that Michal Komorski is and was a resident of Illinois. *Am. Compl.*, ¶ 5. Plaintiffs also allege that Andrew Kowalik is and was a resident of New Jersey. *Id.*, ¶ 6. Plaintiffs' Amended Complaint demonstrates that at least one member of the putative classes is a citizen of a state other than Illinois. *Koch v. Koch*, 450 F.3d 703, n.6 (7th Cir. 2006) (defining domicile, by reference to Black's Dictionary, in part as the 'permanent residence of a person"); *see also Mader,* 1999 WL 220108 at *2 (recognizing that "[g]enerally speaking, one's domicile is one's permanent home.").

The existence of at least one defendant who is a citizen of a state different from at least one plaintiff is necessary to meet the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A). Here, at least one defendant is a citizen of a state different

4

from at least one plaintiff. Specifically, Defendant Forbes Air Cargo, Inc. is incorporated in and maintains a principal place of business in Illinois. Therefore, it is a citizen of Illinois. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1)). The minimal diversity requirements are therefore satisfied.

4. **The Aggregate Size of the Proposed Class – 28 U.S.C. § 1332(d)(5)(B).** Plaintiffs allege that the class is estimated to include hundreds of members. *Am. Compl.*, ¶ 77; *see also Roppo v. Travelers Commercial Ins. Co.,* 869 F.3d 568, 581 (7th Cir. 2017) (holding the defendant "may rely on the estimate of the class number set forth in the complaint" for purposes of establishing that at least 100 individuals fall within the class). Thus, the size of the class is greater than the number required for the Court to have original jurisdiction under 28 U.S.C. § 1332(d)(2). *See* 28 U.S.C. § 1332(d)(5)(B).

5. **Matter in Controversy – 28 U.S.C. §1332(d)(2)**. Although Defendants deny all of Plaintiffs' material allegations, the matter in controversy exceeds the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d)(2). Through their IWPCA and NJWPL claims, Plaintiffs seek to recover on behalf of those Proposed Class Members for alleged deductions taken from the Proposed Class Members' pay statements. [*Am. Compl.* ¶¶ 3, 40, 78, 88, 91, 92, 102, 106(B)]. A review of business records was conducted to determine the amount placed in controversy by Plaintiffs' claim for unlawful deductions, and that review identified over $5,000,000 in debits

5

that would have appeared on the Proposed Class Members' pay statements. *See Declaration of Konrad Szczepaniec* ¶ 3 (attached as *Exhibit B*). As such, the amount in controversy exceeds the jurisdictional threshold. *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citations omitted).

6. **Timeliness of Removal**. A defendant has 30-days to remove a case after receiving a "pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) (interpreting timeframe for removal under 28 U.S.C. § 1446(b)(3)). Here, Defendants never received a pleading or other paper from Plaintiffs specifically disclosing the damages demand; rather, Defendants consulted business records to calculate the amount in controversy. The 30-day removal clock, in turn, was never triggered, and Defendants' removal is therefore timely.

7. **Defendants Will File a Notice of Removal to Adverse Parties and to State Court Clerk**. Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of the removal to Plaintiffs and to the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois. Specifically, promptly after filing this Notice of Removal, Defendants will send a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as *Exhibit C*.

8. **No Waiver**. Defendants do not waive any defenses available to them jointly or individually.

6

Dated: February 7, 2022          Respectfully submitted,

By: /s/ *Andrew J. Butcher*
Andrew J. Butcher (IL#6325396)
Charles Andrewscavage (IL#6319013)
Jared Kramer (IL#6332106)
Chase E. Bullock (IL#6337196)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 255-7200
abutcher@scopelitis.com
candrewscavage@scopelitis.com
jskramer@scopelitis.com
cbullock@scopelitis.com

*Attorneys for Defendants*

4878-8441-7544,